**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 04:48 PM June 1, 2018**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| SCOTT E. DIEHL | ) | CASE NO. 18-60608-rk |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

  Debtor Scott E. Diehl ("Debtor") filed a Chapter 13 bankruptcy petition on March 26, 2018. On March 28, 2018, creditor Ford Motor Credit Company ("Creditor") filed a proof of claim. On April 3, 2018, Debtor filed an Amended Plan establishing that payments to Creditor would be disbursed by Debtor, rather than by the Chapter 13 Trustee. On April 26, 2018, Debtor objected to Creditor's proof of claim.

1

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## DISCUSSION

Pursuant to 11 U.S.C § 501, a creditor may file a proof of a claim or interest in a bankruptcy proceeding, in order to avail itself of certain protections, responsibilities, and rules associated with the Bankruptcy Code. Once such proof is filed, the claim or interest in question is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). If an objection is raised, the Code dictates that the court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim" unless it fall within a set of proscribed circumstances. 11 U.S.C. § 502(b). Thus, an objection to proof of claim can only be properly addressed to three questions: the validity of the debt; whether the debt falls within a finite list of reasons for which the claim may be denied[1]; or the amount due to the creditor as of the petition date. In re Brown, Bankr. N.D. Ind. No. 10-12845, 2015 Bankr. LEXIS 3585 (Sep. 18, 2015) at *1. If an objection to a claim posits some other basis, it is not an objection to a claim as set forth in § 502. Id., at *2.

Here, Debtor argues that, because his Amended Chapter 13 Plan allows for the disbursement of payments to Creditor through direct pay, rather than through the Trustee, Creditor's claim should be denied. Not only does this rationale fall outside of the limited scope of § 502(b), but it misunderstands the effect of disbursement by the debtor. "Although such payment is commonly and colloquially referred to as being 'outside' the plan, that terminology is misleading, as the claim nevertheless remains one that is being treated by, and paid according to the terms of, the plan." In re Dawson, 444 B.R. 688, 690 (Bankr. Dist. E.D. Va. 1998). The payment structure does not impact the validity of Creditor's claim.

Debtor has provided no basis for denying Creditor's proof of claim #1. As such, the court will deny Debtor's objection by separate order.

#  #  #

**Service List:**

**Scott E. Diehl**
5646 East Blvd. NW.

---

[1] These reasons include: the claim is unenforceable against the debtor, the claim is for unmatured interest, the claim is for property taxes in excess of the property's value, the claim for excessive insider or attorney's fees, etc. 11 U.S.C. § 502(b).

Canton, OH 44718

**Maurice E. Graham**
333 S. Main Street
Suite 601
Akron, OH 44308

**Toby L. Rosen**
400 W. Tuscarawas Street
Citizens Bank Bldg., 4th Floor
Canton, OH 44702